UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY JAMIL FLENAUGH,<br><br>                 Plaintiff,<br>    v.<br><br>GREATER LAKES MENTAL HEALTHCARE,<br><br>                 Defendant. | CASE NO. 3:25-cv-06106-DGE<br><br>ORDER DISMISSING COMPLAINT (DKT. NO. 4) |

      This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted a complaint on December 19, 2025, against Defendant Greater Lakes Mental Healthcare. (Dkt. No. 4.) Plaintiff alleges her complaint "arises under the laws of the State of Washington." (*Id.* at 1.)

      Plaintiff's allegations appear to stem from several interactions she had with Greater Lakes Mental Healthcare, a Washington-based entity, in the fall of 2025. (*Id.* at 1–2.) First, Plaintiff alleges a provider named "Marie" lied to her about the existence of residential treatment facilities. (*Id.*) As a result, Plaintiff requested a switch to a provider "who is culturally

competent and doesn't lie." (*Id.* at 2.) Marie apparently scheduled Plaintiff with a new provider who was an "African-American male by the name of James Anthony." (*Id.*) Plaintiff overslept and missed this appointment; Anthony apparently left her a voicemail where he "sounded white and not African-American" as Plaintiff had requested. (*Id.*)

Next, Plaintiff alleges she was "recently contacted" by her federal attorney in the Western District of Washington, who apparently shared with Plaintiff that a probation officer from Alaska named Mike McGovern had "contacted Greater Lakes and [he] stated that [Plaintiff] was uncooperative." (*Id.*) Plaintiff states this is a "serious allegation," especially considering she is on United States probation; McGovern apparently "threatened to put a warrant out for [her] arrest for being in non-compliance, which is not true." (*Id.*)

Plaintiff states she has been diagnosed with a disability and that these incidents are "detrimental to [her] mental health." (*Id.* at 3.) She "feel[s] as though Greater Lakes and the providers may be tampering with [her] mental health," and she feels "discriminated against" because Greater Lakes is a "systemic institution within the community and [she is] being disrupted by the lack of services/care." (*Id.*)

Plaintiff does not specify what federal statute or constitutional provision she seeks relief under. (*See id.* at 4.) However, in the paperwork accompanying her motion to proceed IFP, Plaintiff lists "42; 1983" and "American w/ disability, malpractice" as the cause of action she is raising. (*See* Dkt. No. 1 at 6.) Reading this in conjunction with Plaintiff's statement of the facts in her complaint, the Court will construe her complaint as a disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  As currently formulated, Plaintiff's complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(20)(B)(ii) because it fails to state a claim upon which relief may be granted.

"The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111–12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131–12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181–12189, covers discrimination in public accommodations and services operated by private entities." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015).  Plaintiff does not allege whether Defendant is a public or private healthcare entity, nor does she specify which title of the ADA she is bringing her claim under.  (*See generally* Dkt. No. 4.)

In any case, Plaintiff fails to allege facts sufficient to state a claim under Titles II or III of the ADA.  Plaintiff states her *belief* that Defendant discriminated against her because of her alleged disability but does not plead any facts to support this assertion, nor any that support an inference that any of the alleged actions taken by Defendant were motivated by a discriminatory

1  animus based on Plaintiff's alleged disability.  Neither does Plaintiff allege whether Defendant is
2  a "private entity" or "place of public accommodation" within the meaning of the ADA.  While
3  district courts must liberally construe pro se filings, especially in civil rights cases, they "may not
4  supply essential elements of the claim that were not initially pled."  *Litmon v. Harris*, 768 F.3d
5  1237, 1241 (9th Cir. 2014).

6        Leave to amend should be denied as futile when "no set of facts can be proved under the
7  amendment to the pleadings that would constitute a valid and sufficient claim or defense."
8  *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017); *see also Lockheed Martin*
9  *Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (if the "legal basis for a cause of
10 action is tenuous, futility supports the refusal to grant leave to amend") (citation omitted).

11       The Court is skeptical Plaintiff will be able to remedy the deficiencies identified in this
12 order.  Notwithstanding, because this is Plaintiff's first complaint, the Court cannot determine
13 with certainty whether any potential amendment may be futile without first reviewing the
14 proposed amendment.

15       Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C.
16 § 1915(e)(20)(B)(ii).  Plaintiff is granted leave to amend her complaint to attempt to cure the
17 deficiencies identified in this order.  Any amended complaint SHALL be filed no later than
18 **January 21, 2026**.

19       The Clerk is directed to calendar this event.

20

21       Dated this 23rd day of December 2025.

22

23

24

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT (DKT. NO. 4) - 5