UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY JAMIL FLENAUGH,

                    Plaintiff,

          v.

GREATER LAKES MENTAL
HEALTHCARE,

                    Defendant.

CASE NO. 3:25-cv-06106-DGE

ORDER DISMISSING AMENDED
COMPLAINT (DKT. NO. 7)

This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a).  Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted her first complaint on December 19, 2025, against Defendant Greater Lakes Mental Healthcare.  (Dkt. No. 4.)  This Court reviewed sua sponte pursuant to 28 U.S.C. § 1915(a) and dismissed the complaint on December 23, finding that Plaintiff failed to allege facts sufficient to state a claim under Titles II or III of the Americans with Disabilities Act ("ADA") because she did not put forth any facts to support her assertion that Defendant discriminated against her because of her alleged disability or that Defendant possessed a discriminatory animus.  (Dkt. No. 5 at 4–5.)  The Court gave

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 7) - 1

Plaintiff leave to amend her complaint to address the deficiencies identified in the Court's order. (*Id.* at 5.)

Plaintiff filed her amended complaint on January 9, 2026.  (Dkt. No. 7.)  She brings the same claim for "USC 42; 1983" and "American w/ disability" against Defendant.  (*Id.* at 6.)  As with Plaintiff's first complaint, the Court will read this claim alongside Plaintiff's statement of facts and construe it as a disability discrimination claim under the ADA, 42 U.S.C. § 12101 *et seq*.

The allegations in the amended complaint are nearly identical to those in the initial complaint.  (*Compare* Dkt. No. 5 at 2–3 *with* Dkt. No. 7 at 2–3.)  Plaintiff alleges her mental health provider Marie Zemanek lied to her about the existence of residential treatment facilities. (Dkt. No. 7 at 2.)  In November 2025, Plaintiff requested a new provider "who [was] culturally competent and doesn't lie"; she was scheduled to meet with a provider named James Anthony in early December 2025.  (*Id.*)  Plaintiff apparently overslept and missed their initial meeting.  (*Id.*) Anthony left Plaintiff a voicemail in which Plaintiff alleges he "sounded White and not African-American as I requested[.]"  (*Id.*)  Anthony apparently rescheduled their next appointment "due to unexpected illness."  (*Id.*)  Plaintiff finally met with him on December 30 and found out at that appointment "[Anthony] is of Asian and African descent."  (*Id.*)  Plaintiff also rehashes her allegations that her federal attorney in the Western District of Washington informed her that a probation officer in Alaska named Mike McGovern contacted Defendant and "stated that [Plaintiff] was uncooperative."  (*Id.*)  Plaintiff emphasizes that her probation officer in Washington has not raised any concerns.  (*Id.*)

Plaintiff alleges these incidents are detrimental to her mental health and that she feels (1) as if Defendant and its providers "may be tampering with [her] mental health" and (2)

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 7) - 2

"discriminated against and overwhelmed" because Defendant is a "systemic institution within the community and [she is] being disrupted by the lack of services and/or care." (*Id.* at 3.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Plaintiff's amended complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(20)(B)(ii) because it fails to state a claim upon which relief may be granted.

"The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111–12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131–12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181–12189, covers discrimination in public accommodations and services operated by private entities." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). Plaintiff does not allege whether Defendant is a public or private healthcare entity, nor does she specify which title of the ADA she is bringing her claim under. (*See generally* Dkt. No. 7.)

Plaintiff's amended complaint does not cure the deficiencies noted by the Court in its first § 1915(a) review. Beyond clarifying some names and the details of her appointments with Anthony, Plaintiff does not allege facts to support her claim that Defendant is discriminating against her on the basis of her alleged disability. Plaintiff states only her *belief* that Defendant is "tampering" with her mental health but does not explain how Defendant has done so in a way prohibited by either title of the ADA. (*Id.* at 2–3); *see also* 42 U.S.C. §§ 12131–12165; §§ 12181–12189. Rather, she relies only on her *assumption* that Zemanek's apparent lies about residential treatment facilities, Anthony's race, and/or McGovern's alleged reports to Plaintiff's federal attorney are somehow linked to her mental health disability. (Dkt. No. 7 at 2–3.) Plaintiff also fails to identify whether Defendant is a "private entity" or "place of public accommodation" within the meaning of the ADA. (*Id.*)

Plaintiff's amended complaint is therefore devoid of any facts from which the Court could infer Defendant was biased or discriminated against Plaintiff because of her alleged disability. Plaintiff's vague and conclusory allegations do not suffice. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [their] civil rights.").

Leave to amend should be denied as futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017); *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (if the "legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend") (citation omitted). As the Court has already provided Plaintiff an opportunity to cure the deficiencies previously identified,

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 7) - 4

and Plaintiff has failed to do so, the Court finds granting Plaintiff another opportunity to amend would be futile because both the original complaint and the amended complaint lack any facts to support her claim(s).

Accordingly, the Court DISMISSES Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(20)(B)(ii) without prejudice.  The Clerk is directed to close this matter.

Dated this 21st day of January 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 7) - 5