UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY JAMIL FLENAUGH,<br><br>                        Plaintiff,<br>     v.<br><br>GREATER LAKES MENTAL HEALTHCARE,<br><br>                        Defendant. | CASE NO. 3:25-cv-06106-DGE<br><br>ORDER DISMISSING PROPOSED AMENDED COMPLAINT (DKT. NO. 11) |

Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted her first complaint on December 19, 2025, against Defendant Greater Lakes Mental Healthcare. (Dkt. No. 4.) This Court reviewed sua sponte pursuant to 28 U.S.C. § 1915(a) and dismissed the complaint on December 23, finding that Plaintiff failed to allege facts sufficient to state a claim under Titles II or III of the Americans with Disabilities Act ("ADA") because she did not put forth any facts to support her assertion that Defendant discriminated against her because of her alleged disability or that Defendant possessed a discriminatory animus. (Dkt. No. 5 at 4–5.) The

ORDER DISMISSING PROPOSED AMENDED COMPLAINT (DKT. NO. 11) - 1

Court granted Plaintiff leave to amend to address the deficiencies identified in the Court's order. (*Id.* at 5.)

Plaintiff filed her amended complaint on January 9, 2026.  (Dkt. No. 7.)  The Court reviewed sua sponte a second time and dismissed again, finding that Plaintiff had failed to remedy the deficiencies identified in the Court's first § 1915(a) review.  (Dkt. No. 8 at 4.)  In the amended complaint, Plaintiff stated only her belief that Defendant was "tampering" with her mental health but was unable to put forth facts to support her purported claim of disability discrimination under the ADA.  (*Id.*) (citing Dkt. No. 7 at 2–3).

The Court determined it was futile to grant leave to amend again because Plaintiff had not remedied the defects in her first complaint.  (*See* Dkt. No. 8 at 4–5.)  Accordingly, on January 21, the Court directed the Clerk to close this matter.  (*Id.* at 5.)

On January 22, Plaintiff filed a second proposed complaint raising the same ADA violation claim based on nearly identical factual allegations.[1]  (*See* Dkt. No. 11.)  However, this case is closed.  The Court will therefore deny Plaintiff's second proposed complaint as moot. *See Ho v. Griego*, Case No. CV 10–1864–PHX–GMS (MEA), 2011 WL 1193003, at *1 (D. Ariz. Mar. 29, 2011) (denying two pro se motions to proceed IFP as moot after the case was closed and judgment entered).  Should Plaintiff wish to renew her claims in this Court, she must file a *new* proposed complaint and either pay the filing fee or file a *new* application to proceed IFP.  The Court cautions, though, that Plaintiff should review the orders entered in this case to

---

[1] Plaintiff's proposed complaint is stamped with a notation that it was filed on January 21, but it was not entered by the Clerk (and therefore available for the Court to review) until January 22. (*See* Dkt. No. 11.)  Presumably Plaintiff filed the new proposed complaint after her amended complaint was dismissed (*see* Dkt. No. 8) because it includes a new civil cover sheet and summons and is styled as a "proposed" (rather than "amended") complaint.  (Dkt. No. 11.)

ORDER DISMISSING PROPOSED AMENDED COMPLAINT (DKT. NO. 11) - 2

understand the deficiencies in her prior complaints, as the failure to address those deficiencies in a new complaint will lead to the same result.

Plaintiff's second proposed complaint is DENIED as moot.  This case remains closed.

Dated this 26th day of January 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING PROPOSED AMENDED COMPLAINT (DKT. NO. 11) - 3